Kowalsky, Respondent, vs. General Industrial Sales, Inc., Appellant.

*October 13—November 18, 1947.*

For the appellant there was a brief by *Heft & Burgess* of Racine, and oral argument by *Carroll R. Heft*.

For the respondent there was a brief by *Gittings, Janecky & Buelow* of Racine, and oral argument by *E. F. Buelow*.

ROSENBERRY, C. J.   On this appeal the controversy relates wholly to the claim for compensation for services rendered on and between June 1, 1945, and December 31, 1945.

On this appeal it is the contention of the defendant that the finding of the jury is so contrary to the physical and documentary evidence of ordinary business practice and human experience, the defendant's books of account, and all reasonable inferences, that the trial court should have granted judgment notwithstanding the verdict or at least granted a new trial. Certain errors are also relied upon and it is insistently contended that there should be a new trial in the interest of justice.

In the first place, a careful search of the record fails to reveal any "physical" evidence.   It appears from the record that the evidence submitted was oral.   The plaintiff testified to one set of facts and the surrounding circumstances while the president of the defendant, Mr. Flansberg, testified to another set of facts and surrounding circumstances and denied the statements made by the plaintiff.   The pleadings and the evidence present a clear question of fact.   Some facts are undisputed. The plaintiff did render services for the period between June 1 and December 31, 1945.   He was paid at the rate of $75 per week.   Although Mr. Flansberg testified that he was dissatisfied with the services rendered by the plaintiff, he admits that in the month of October and thereafter he entered into negotiations looking to a reorganization of the defendant company in which the plaintiff and one Mr. Clark were to become stockholders.   Nothing came of these negotiations however, and the jury found that no contract was entered into for another period as was claimed by the plaintiff.

The claim that the finding of the jury is contrary to the documentary evidence cannot be sustained.   It is true that while the plaintiff claimed that he was earning commissions between July 1 and December 31, 1945, and no commission account appeared in the books of the defendant, he explained this by

saying that he had no control over the books; that while he furnished certain memoranda from which accounts were made, the accounts were under the direction and control of the bookkeeper and Mr. Flansberg. While the plaintiff did not enter any earnings by way of commissions in his income-tax reports for the year 1945, he explained that by saying that the commissions were to be accumulated and used in an arrangement by which he was in the future to acquire a one-third interest in the business. When he made his income-tax returns the commissions had not been paid and there was a dispute as to whether he was entitled to any commission whatever. While certain inferences may be drawn from these facts, which might tend to support the position of the defendant, the case was submitted to the jury upon the whole evidence and it cannot be said that there is anything so conclusive in the so-called documentary evidence as to warrant setting aside the jury's findings.

We know of no standards which can be derived from business practice and human experience, the application of which to the facts of this case would require the trial court to vacate the verdict of the jury. As to reasonable inferences, the fact that inferences might have been drawn by the jury other than those which the jury did draw, does not make its verdict contrary to the reasonable inferences.

Whether the trial court should have granted a new trial is a matter within its discretion and it cannot be said under the facts of this case that that discretion was abused.

A number of detailed errors are assigned by the defendant. Most of the matters referred to had little if any bearing upon Question 1, the pivotal question in this case, and that was whether the plaintiff entered into an agreement with Mr. Flansberg to render services to the defendant company for which he was to receive in addition to the $75 per week a commission based on sales.

We have carefully examined these assignments of error and while some immaterial evidence was admitted, it could not have prejudiced the jury in determining the answer to Question 1. No useful purpose would be served by setting out *in extenso* these claims, some of which are quite fanciful, as for instance, that the verdict of the jury was influenced by the fact that there was a snowstorm at the time the jury was considering its verdict and for that reason the jury may have speeded up its consideration of the case. There is ample, credible evidence in the case to support the finding of the jury.

*By the Court.*—Judgment affirmed.